UNITED STATES DISTRICT COURT

DISTRICT OF PUERTO RICO

SAN JUAN DIVISION

| | | |
|---|---|---|
| NELSON CARTAGENA-MERCED, | * | MOTION FOR RECONSIDERATION OF THE SUA SPONTE |
| Petitioner, | * | DENIAL OF PETITIONER'S MOTION FOR RETURN OF |
| | * | PROPERTY, UNDER RULE 41 (e) OF THE FEDERAL |
| -v- | * | RULES OF CRIM. PROCEDURE |
| | * | |
| UNITED STATES OF AMERICA, | * | CASE NO. 97-00110 (JAF) |
| Respondent. | * | |

**COMES NOW,** Nelson Cartagena-Merced, the petitioner, in propria persona and respectfully submits the following motion for reconsideration of the Sua Sponte denial of his motion under Rule 41(e) of the Federal Rules of Crim. Procedure.

### PROCEDURAL HISTORY

On November 2005, the petitioner forwarded a motion to the District Court titled; "Motion for Return of Property, pursuant to Fed. Rules of Civ Proc.,Rule 41(e)." The motion was returned to the petitioner because he had failed to date and sign the motion. The petitioner was instructed to date and sign said motion, and to resubmit it to the District Court.

On December 1, 2005, the petitioner signed and dated said motion and resubmitted it to the District Court. In an order dated December 12, 2005, the Honorable Jose A. Fuste, District Judge, denied petitioner's motion Sua Sponte, and stated;

> "The court has no jurisdiction in the context
> of this record to order the return of any
> property."

## ARGUMENT

On December 12, 2005, this Honorable court denied petitioner's motion under Rule 41(e) for return of property, stating that it had no jurisdiction in the context of this record to order the return of any property.

The petitioner avers to this court that it erred in failing to treat his Rule 41(e) motion as a civil complaint. See **United States v. Giraldo, 45 F.3d 509, 511 (1st Cir.1995)(per curiam)**. The petitioner states that this court must intervene in the unlawful seizure of his property, especially when no administrative or judicial proceedings were evre initiated against the petitioner nor was any notice ever given to him as to said money being seized and or confiscated.

This court should have treated petitioner's Rule 41(e) motion as a civil complaint, and as such, the government should have had sixty days to reply to said motion, see Fed. R. Civ. P. 12(a)(3)(A). The court, however, did not wait for the government to respond; and it issued what amounted to an order of dismissal before the government acted. In **Gonzalez- Gonzalez v. United States, 257 F.3d 31 (1st Cir.2001)**, the First Circuit treated a similar dismissal order by the lower court, as the one issued here, as a sua sponte dismissal and reversed the lower court's dismissal. The First Circuit stated that the type of sua sponte dismissal at issue - a dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard - is disfavored in Federal practice. The First Circuit held that the standard upholding such a sua sponte dismissal is more rigorous than the "failure to state a claim" standard of Rule 12(b)(6). Cf. **Neitzke v. Williams, 490 U.S. 319, 327 (1989)**(explaining that sua sponte dismissal under 28 U.S.C. §1915 is warranted only if a complaint is "based on an indisputably meritless legal theory" or is "clearly baseless").

The First Circuit further stated that it would uphold a sua sponte order of dismissal only if allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption. The petitioner seeks reconsideration of the merits of his now Rule 41(g) motion, and ask that this court treat said motion liberally, and issue an order that the government respond to said motion for return of his property, in this instance, three-thousand dollars ($3,000.) which was

unlawfully seized and confiscated.

In <u>IN RE Application of Michael J. Kingsley for return of seized property</u>, 802 F.2d 571 (1st Cir.1986)(Honorable Coffin, Circuit Judge - Concurring Opinion) the Honorable Coffin stated;

> "I am disturbed by the district court's finding that Fed. R. Crim. P. 41(e) is "not applicable" to this proceeding. Application of <u>Kingsley</u>, 614 F.Supp 219, 221 n.1 (D.Mass.1985). There can be no doubt that forfeiture pursuant to 21 U.S.C. §881 is a "civil in rem action that is independent of any factually related criminal actions." <u>United States v. One 1974 Porshe 911 -S</u>, 682 F.2d 283, 285 (1st Cir.1982). Due to the quasi-criminal nature of administrative forfeiture proceedings, however, claimants must be permitted to seek the return of property seized in violation of the Constitution by filing a motion pursuant to Fed. R. Crim. P. 41(e). See <u>United States v. Eight Thousand Eight Hundred and Fifty Dollars in United States Currency</u>, 461 U.S. 555, 569, 76 L.Ed.2d 143, 103 S.Ct 2005 (1984)(In an administrative forfeiture case, "if claimant believes the initial seizure is improper, he could file a motion under Federal Rule of Criminal Procedure 41(e) for the return of seized property.")
>
> If district courts uniformly refuse to entertain such motions, then claimants in <u>Kingsley's</u> position would possess no effective means to challenge the constitutionality of pre-indictment seizures and no immediate prospect of regaining possession of their property.

Also, in a similar motion filed by a codefendant of the petitioner, seeking his money seized returned, the First Circuit remanded said case back to the district court, and said petitioner's money was eventually returned, see <u>United States v. Reyes-Hernandez</u>,

No. 02-2148 (1st Cir.2003)(unpublished). The court in this case held; that even were it to conclude that a Rule 41(e) motion is an inappropriate vehicle by which to obtain the requested relief. It would also conclude that the district court erred in failing to treat the Rule 41(e) motion as a civil complaint. <u>United States v. Giraldo</u>, 45 F.3d 509 (1st Cir.1995).

### CONCLUSION

**Wherefore,** in order to preserve the limited judicial resources that an appeal will take, and the limited judicial time available, the petitioner respectfully request that this Honorable court reconsider its order of denial, of December 12, 2005, and to issue an order treating petitioner's, now Rule 41(g) motion, as a civil complaint, and order that the government respond to said petition. Further your petitioner sayeth nought.

BY: _/s/ Cartagena_
Nelson Cartagena-Merced
Reg. No#14834-069
L.S.C.I. Butner
P.O. Box 999
Butner, NC 27509

### CERTIFICATE OF SERVICE

I, Nelson Cartagena-Merced, duly affirms that I have served a copy of the enclosed reconsideration motion upon counsel for the government, whose name and address appears below, by depositing same in a manila envelope and affixing the required first class prepaid postage, and depositing same in the legal mail mail box here at L.S.C.I. Butner, on this 20th day of December 2005.

1. Timothy Faerber
   Assistant U.S. Attorney
   Federal Office Building., Rm-452
   150 Carlos Chardon Avenue
   San Juan, PR 00918

BY: _/s/ Cartagena_
Nelson Cartagena-Merced